IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LILIANA NOMCA QUEVEDO | : | |
| GERMANY, | : | CIVIL NO. 3:14-CV-1700 |
| | : | |
| Plaintiff, | : | (Judge Caputo) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

The plaintiff, Liliana Germany, is a disgruntled home-owner in Wilkes-Barre,

Pennsylvania.  In January 2007 Germany bought a home near Kings College in

Wilkes-Barre, and she is displeased with her neighbors, who she describes as "gang

members, drug dealing [and] illegal aliens [who] trespass[] by [her] property to get

through the alley." (Doc. 1.)  Germany also is dissatisfied with the police response

to her past complaints, noting that:  "I reported to the authorities [but] never was

taken seriously . . . . 'called nutz [sic]' by a police officer." (Id.) Germany, however,

apparently but inexplicably attributes these difficulties to the United States

1

government, for she has chosen to sue the United States based upon this spare factual recital seeking damages from the United States.  (Id.)

Along with her spare, 2-page complaint, the plaintiff filed a motion to proceed *in forma pauperis*.  (Doc. 2.)  For the reasons set forth below, we will GRANT Germany leave to proceed *in forma pauperis* but as part of our legally-mandated duty to screen *pro se in forma pauperis* pleadings, we recommend that this complaint be dismissed.

## II.   Discussion

### A.   Screening of *Pro Se In Forma Pauperis* Complaints–Standard of Review

This Court has a statutory obligation to conduct a preliminary review of complaints filed by plaintiffs who seek leave to proceed *in forma pauperis,* and seek redress against government officials.   See 28 U.S.C. §§1915 and 1915A. Specifically, we  must assess whether a *pro se, in forma pauperis* complaint "fails to state a claim upon which relief may be granted."  This statutory text, in turn, mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint,

the United States Court of Appeals for the Third Circuit has aptly noted the evolving

standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in
> recent years.  Beginning with the Supreme Court's opinion in <u>Bell
> Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) continuing with our
> opinion in <u>Phillips</u> [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir.
> 2008)]and culminating recently with the Supreme Court's decision in
> <u>Ashcroft v. Iqbal</u>  –U.S.–, 129 S.Ct. 1937 (2009) pleading standards
> have seemingly shifted from simple notice pleading to a more
> heightened form of pleading, requiring a plaintiff to plead more than the
> possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may

be granted, the court must accept as true all allegations in the complaint and all

reasonable inferences that can be drawn therefrom are to be construed in the light

most favorable to the plaintiff.  <u>Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.</u>,

20 F.3d 1250, 1261 (3d Cir. 1994).  However, a court "need not credit a complaint's

bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v.</u>

<u>Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  Additionally a court

need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not

alleged."  <u>Associated Gen. Contractors of Cal. v. California State Council of</u>

<u>Carpenters</u>, 459 U.S. 519, 526 (1983).  As the Supreme Court held in <u>Bell Atlantic</u>

Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

As the court of appeals has also observed: "The Supreme Court in Twombly set forth the 'plausibility' standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege 'enough facts to state a claim to relief that is plausible on its face.' Twombly, 550 U.S. at 570, 127 S.Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955). This standard requires showing 'more

than a sheer possibility that a defendant has acted unlawfully.' Id. A complaint which pleads facts 'merely consistent with' a defendant's liability, [ ] 'stops short of the line between possibility and plausibility of "entitlement of relief." ' " Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011) cert. denied, 132 S. Ct. 1861, 182 L. Ed. 2d 644 (U.S. 2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In this regard, one of the basic requisites for a civil complaint is that it must recites some essential facts tying the defendants to some alleged misconduct. This fundamental requirement is driven both by matters of principle, and by pragmatic considerations. As a matter of principle and practice, a basic factual recital is essential in a complaint because it is simply impossible without such averments to properly assign individual responsibility to a particular defendant without some factual description of what has transpired. Therefore, it is incumbent upon a plaintiff to describe who he seeks to sue, and what these parties did that violated the plaintiff's rights. When a plaintiff fails in this basic responsibility, it is the duty of the court to dismiss his claims. See, e.g., Moss v. United States, 329 F. App'x 335 (3d Cir. 2009)(dismissing illegible complaint); Radin v. Jersey City Medical Center, 375 F. App'x 205 (3d Cir. 2010); Earnest v. Ling, 140 F. App'x 431 (3d Cir. 2005)(dismissing complaint where "complaint fails to clearly identify which parties [the plaintiff] seeks to sue"); Oneal v. U.S. Fed. Prob., CIV.A. 05-5509 (MLC), 2006 WL 758301 (D.N.J. Mar. 22, 2006)(dismissing complaint consisting of approximately 50 pages of mostly-illegible handwriting); Gearhart v. City of Philadelphia Police, CIV.A.06-0130, 2006 WL 446071 (E.D. Pa. Feb. 21, 2006) dismissing illegible complaint). Further, in order to satisfy the strictures of Rule 8, a complaint must also contain a coherent prayer for relief, demanding relief from a defendant that lies within the power of the defendant to provide. See Klein v. Pike Cnty. Comm'rs, CIV.A. 11-

278, 2011 WL 6097734 (M.D. Pa. Dec. 6, 2011)(failure to articulate a prayer for

relief compels dismissal); Snyder v. Snyder, 4:12-CV-105, 2012 WL 512003 (M.D.

Pa. Jan. 24, 2012) report and recommendation adopted, 4:12-CV-105, 2012 WL

511993 (M.D. Pa. Feb. 15, 2012)(same).

In our view, these pleading standards apply to all aspects of the Court's

threshold analysis of a complaint's legal sufficiency.  Thus, we will apply this

analysis both when assessing the adequacy of the factual assertions set forth in the

amended complaint, and when examining whether a complaint properly invokes the

jurisdiction of this Court.

**B.     This  Complaint Fails to State A Claim Upon Which Relief
Can Be Granted**

Applying these legal benchmarks in this case, dismissal of this complaint is

warranted because the complaint fails on multiple scores to meet the substantive

standards required by law, in that it does not set forth a "short and plain" statement

of a cognizable violation of some right guaranteed by the Constitution or laws of the

United States.  Some of the flaws in this particular *pro se* complaint are discussed

separately below.

**1.     This Complaint Violates Rule 8 of the Federal Rules of
Civil Procedure**

At the outset, dismissal of this complaint is warranted because the complaint

fails to comply with Rule 8's basic injunction that:  "A pleading that states a claim for

relief must contain . . . *a short and plain statement of the claim* showing that the pleader is entitled to relief."  Dismissal of this complaint is appropriate since it is well-settled that: "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), and that each averment be 'concise, and direct,' Fed. R. Civ. P. 8(e)(1)."  Scibelli v. Lebanon County, 219 F. App'x 221, 222 (3d Cir. 2007).  Thus, when a complaint is "illegible or incomprehensible", id., or when a complaint "is also largely unintelligible," Stephanatos v. Cohen, 236 F. App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8  is clearly appropriate.  See, e.g., Mincy v. Klem, 303 F. App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F. App'x 513 (3d Cir. 2008); Stephanatos v. Cohen. supra;  Scibelli v. Lebanon County, supra;  Bennett-Nelson v. La. Bd. of Regents, 431 F.3d 448, 450 n.1 (5th Cir. 2005).  Furthermore, dismissal under Rule 8 is proper when a complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action];" Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011), or when the complaint is so "rambling and unclear" as to defy response.  Tillio v. Spiess, No. 11-1276, 2011 WL 3346787 (Aug. 4, 2011).  Finally, a complaint may be dismissed under Rule 8 when the pleading is simply illegible and cannot be understood.  See, e.g., Moss v. United States, 329 F. App'x 335 (3d Cir. 2009)(dismissing illegible complaint); Radin v. Jersey City

Medical Center, 375 F. App'x 205 (3d Cir. 2010); Earnest v. Ling, 140 F. App'x 431 (3d Cir. 2005)(dismissing complaint where "complaint fails to clearly identify which parties [the plaintiff] seeks to sue"); Oneal v. U.S. Fed. Prob., CIV.A. 05-5509 (MLC), 2006 WL 758301 (D.N.J. Mar. 22, 2006)(dismissing complaint consisting of approximately 50 pages of mostly-illegible handwriting); Gearhart v. City of Philadelphia Police, CIV.A.06-0130, 2006 WL 446071 (E.D. Pa. Feb. 21, 2006) (dismissing illegible complaint).

Here, the complaint is cryptic and largely incomprehensible.  The complaint, therefore, fails to "contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), and [fails to meet Rule 8's requirement] that each averment be 'concise, and direct,' Fed. R. Civ. P. 8(e)(1)." Scibelli v. Lebanon County, 219 F. App'x 221, 222 (3d Cir. 2007).  Further, the averments set forth in the pleading consist of a catalogue of complaints that are presented without any context, content, coherence or continuity, making it virtually impossible to ascertain the legal and factual significance of these allegations.  Thus, we are  "left . . . having to guess what of the many things discussed constituted [a cause of action]." Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011).  In such instances, Rule 8 calls for the dismissal of the complaint.

In particular, Germany's curious pleading style of naming the United States of America as the sole defendant in the caption of the case, but not describing the

conduct of the United States government in the body of his pleading, is legally insufficient to state a claim.  See Walthour v. Child & Youth Servs., 728 F. Supp. 2d 628, 636 (E.D. Pa. 2010)(dismissing claims against defendants only identified in exhibits attached to complaint).  This cursory style of pleading is plainly inadequate to state a claim against this defendant and compels dismissal of the United States as a defendant in this action.  Hudson v. City of McKeesport, 244 F. App'x 519 (3d Cir. 2007)(affirming dismissal of defendant who was only named in caption of case.)

## 2.    The Doctrine of Sovereign Immunity Bars This Claim Against the United States

Likewise, to the extent that Germany may be attempting to bring a civil rights action against the United States, we note that it is well-settled that Bivens civil rights actions against the United States – and, by extension, against federal agencies or officials sued in their official capacity – are barred by sovereign immunity, absent an explicit waiver of that immunity.  FDIC v. Meyer, 510 U.S. 471, 483 (1994); Huberty v. United States Ambassador to Costa Rica, 316 F. App'x 120 (3d Cir. Aug. 21, 2008); Douglas v. United States, 285 F. App'x 955 (3d Cir. 2008); Jaffee v. United States, 592 F.2d 712, 717 (3d Cir. 1979); Bell v. Rossott, 227 F. Supp. 2d 315, 320 (M.D. Pa. 2002) (dismissing claim against individual federal defendants sued in their official capacity because the claims are essentially made against the United States).  Therefore, a civil rights action cannot be brought against the United States, or a

federal agency, since such claims are plainly barred by the doctrine of sovereign immunity.

### 3.        The Statute of Limitations Bars This Claim

Finally, we note that this *pro se* complaint arises out of matter which began in January of 2007, more than seven years ago.  Thus, all of the events alleged here occurred more than two years ago.  When conducting a screening review of a *pro se* complaint under 28 U.S.C. § 1915, a court may consider whether the complaint is barred under the applicable statute of limitations.  As the United States Court of Appeals for the Third Circuit recently explained when it affirmed the screening dismissal of a *pro se* complaint on statute of limitations grounds:

> Civil rights claims are subject to the statute of limitations for personal injury actions of the pertinent state.  Thus, Pennsylvania's two year statutory period applies to [these] claims.  See Lake v. Arnold, 232 F.3d 360, 368 (3d Cir.2000). The limitations period begins when the plaintiff knows or had reason to know of the injury forming the basis for the federal civil rights action. Gera v. Commonwealth of Pennsylvania, 256 Fed.Appx. 563, 564-65 (3d Cir.2007).  Although we have not addressed the issue in a precedential decision, other courts have held that although the statute of limitations is an affirmative defense,  district court may *sua sponte* dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir.2006); see /also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir.2006) (citation omitted)(finding that a district court's screening authority under § 1915(e) "differentiates in forma pauperis suits from ordinary civil suits and justifies an exception to the general rule that a statute of limitations defense should not be raised and considered sua sponte.").

Smith v. Delaware County Court 260 F. App'x. 454, 455 (3d Cir. 2008); see also

Jackson v. Fernandez, No. 08-5694, 2009 WL 233559 (D.N.J. Jan. 26, 2009); Hurst

v. City of Dover, No. 04-83, 2008 WL 2421468 (D. Del. June 16, 2008).

It is well-settled that Bivens civil rights claims are subject to the state statute

of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266-67

(1985). In Pennsylvania, the statute of limitations for a personal injury action is two

years. 42 Pa.C.S. § 5524. A cause of action accrues for statute of limitations

purposes when the plaintiff knows or has reason to know of the injury that constitutes

the basis of the cause of action. Sameric Corp. of Delaware, Inc. v. City of

Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998); see also, Nelson v. County of

Allegheny, 60 F.3d 1010 (3d Cir. 1995).

While this two-year limitations period may be extended based upon a

continuing wrong theory, a plaintiff must make an exacting showing to avail himself

of this grounds for tolling the statute of limitations. For example, it is well settled

that the "continuing conduct of [a] defendant will not stop the ticking of the

limitations clock [once] plaintiff obtained requisite information [to state a cause of

action]. On discovering an injury and its cause, a claimant must choose to sue or

forego that remedy." Barnes v. American Tobacco Co., 161 F.3d 127, 154 (3d

Cir.1998) (quoting Kichline v. Consolidated Rail Corp., 800 F. 2d 356, 360 (3d Cir.

1986)). See also Lake v. Arnold, 232 F.3d 360, 266-68 (3d Cir. 2000). Instead:

The continuing violations doctrine is an "equitable exception to the timely filing requirement." West v. Philadelphia Elec. Co., 45 F.3d 744, 754 (3d Cir.1995). Thus, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am., 927 F.2d 1283, 1295 (3d Cir.1991). In order to benefit from the doctrine, a plaintiff must establish that the defendant's conduct is "more than the occurrence of isolated or sporadic acts." West, 45 F.3d at 755 (quotation omitted). Regarding this inquiry, we have recognized that courts should consider at least three factors: (1) subject matter-whether the violations constitute the same type of discrimination, tending to connect them in a continuing violation; (2) frequency-whether the acts are recurring or more in the nature of isolated incidents; and (3) degree of permanence-whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate. See id. at 755 n. 9 (citing Berry v. Board of Supervisors of Louisiana State Univ., 715 F.2d 971, 981 (5th Cir.1983)). The consideration of "degree of permanence" is the most important of the factors. See Berry, 715 F.2d at 981.

Cowell v. Palmer Township. 263 F.3d 286, 292 (3d Cir. 2001).

In this case, the acts which Germany attributes to these defendants began seven years ago and for Germany had "a degree of permanence which should [have] trigger[ed] the plaintiff's awareness of and duty to assert h[er] . . . rights" when these acts occurred in 2011. Id. The plaintiff's decision to defer filing this pleading until 2014, falls beyond the period prescribed by the statute of limitations, and would warrant dismissal of many of these claims as time-barred.

While civil rights *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote  Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), dismissal with leave to amend is not necessary when granting further leave to amend would be futile or result in undue delay.  Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).  Here, taken together, the structural flaws in this complaint are beyond any form of repair.  Therefore, granting leave to amend would, in our view, be futile. Accordingly, this complaint should be dismissed without any further leave to amend.

## III.    Recommendation

Accordingly, for the foregoing reasons, the plaintiff is GRANTED leave to proceed *in forma pauperis*, (Doc. 2.), and IT IS RECOMMENDED that the plaintiff's complaint be dismissed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however,

need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 2d day of September, 2014.

***S/Martin C.  Carlson***
Martin C. Carlson
United States Magistrate Judge